UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 14-CV-24553-GAYLES

Rafael Cervantes,

    Plaintiff,

vs.

Amanda Atkinson, Field Office Director,
U.S. Citizenship and Immigration Services, et al.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss (the "Motion) [ECF No. 9]. The Court has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiff, Rafael Cervantes ("Plaintiff") is a Cuban citizen. In 1993, Plaintiff, presenting a fraudulent Bolivian passport, boarded a plane in Bolivia bound to Spain through the Transit Without Visa ("TWOV") program. TWOV allowed Plaintiff to travel to the United States for up to eight hours while in transit to another country. When he landed in the United States, Plaintiff presented his Cuban passport and requested asylum. Immigration officials charged Plaintiff as an inadmissible alien because he sought admission into the United States (1) by fraud or willfully misrepresenting a material fact under 8 U.S.C. § 1182 (a)(6)(C)(i) (the "Fraud Section") and (2) without lawful documentation under 8 U.S.C. § 1182(a)(7)(A) (the "Documentation Section").

The Exclusion Proceedings

On December 21, 1994, an immigration judge ("IJ") found Plaintiff inadmissible under the Documentation Section and ordered Plaintiff to be excluded from the United States (the "Exclusion Order"). The Exclusion Order noted that Plaintiff could not be deported but could seek permanent resident status under the Cuban Adjustment Act. A note on the deportation charges, filed with the Exclusion Order, indicates that the IJ "amended out" the Fraud Section charge.

On August 22, 1996, Plaintiff filed an application to adjust his status to permanent resident under the Cuban Adjustment Act. On May 3, 1997, the former Immigration and Naturalization Service ("INS") approved Plaintiff's application, and Plaintiff obtained permanent resident status, with a rollback date of February 22, 1994.

Naturalization Proceedings

On February 25, 2010, Plaintiff submitted his form N-400 Application for Naturalization. On March 31, 2014, the United States Citizenship and Immigration Service ("USCIS") denied Plaintiff's application, finding him ineligible for naturalization because of the IJ's Exclusion Order. Upon review, on August 5, 2014, USCIS vacated its original denial, but issued a new denial, finding that Plaintiff was not lawfully admitted for permanent residence under the Fraud Section and therefore was not eligible for naturalization.

Current Proceedings

On December 2, 2014, Plaintiff filed his Petition for Review of Denial of Application for Naturalization Pursuant to 8 U.S.C. §1421(c) and Request for De Novo Hearing (the "Petition") [ECF No. 1]. In his Petition, Plaintiff asserts that USCIS is precluded by *res judicata* from finding that he was inadmissible under the Fraud Section because the IJ "amended out" the Fraud

Section in the exclusion proceedings. On March 11, 2015, Defendants moved to dismiss asserting that Plaintiff fails to state a claim as a matter of law.

## II.     STANDARD OF REVIEW

Pursuant to Title 8, United States Code, Section 1421, a person whose application for naturalization is denied "may seek review of such denial before the United States district court for the district in which such person resides." 8 U.S.C. § 1421(c). The district court must conduct a *de novo* review. *Id.*

Plaintiff bears the burden "to show his eligibility for citizenship in every respect." *Berenyi v. District Director, Immigration & Naturalization Serv.*, 385 U.S. 630, 637 (1967). An applicant for naturalization must prove, by a preponderance of the evidence, that he meets all of the requirements for naturalization. *See* 8 C.F.R. § 316.2 (b). The Court resolves any doubts about citizenship "in favor of the United States and against the claimant." *Berenyi*, 385 U.S. 630 at 637.

Defendants have moved to dismiss for failure to state a claim as a matter of law. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997). It is appropriate for the Court to rule at this stage of

the proceedings because the parties only dispute, as a matter of law, whether the doctrine of *res judicata* precludes USCIS from denying Plaintiff's application based on the Fraud Section.

**III.   DISCUSSION**

    A.   Requirements for Naturalization

The Immigration and Nationality Act ("INA") sets forth the statutory requirements for naturalization and provides, in pertinent part, that "no person shall be naturalized unless he has been *lawfully admitted* in the United States for permanent residence." 8 U.S.C. §1429 (emphasis added).

Plaintiff does not dispute that (1) he entered the United States under the TWOV program; (2) he never intended to continue his journey to Spain; and (3) he always intended to seek asylum as a Cuban national upon arrival in the United States. As a result, it is undisputed that Plaintiff misrepresented a material fact upon his entry into the United States and therefore would be inadmissible under the Fraud Section of the INA. *See* 8 U.S.C. § 1182 (a)(6)(C)(i). *See also Kurt v. U.S. Att'y Gen.*, 252 F.App'x 295, at *2 (11th Cir. 2007) (aliens who travel to the United States in the TWOV program under false intentions are inadmissible under the Fraud Section of the INA). Aliens who are inadmissible under the Fraud Section are subject to a lifetime bar on admission, unless they seek a waiver of inadmissiblilty under 8 U.S.C. § 1182 (i). Plaintiff did not seek a waiver.

    B.   *Res Judicata*

Plaintiff asserts that *res judicata* bars Defendants from finding that he is inadmissible under the Fraud Section because INS, in the exclusion proceedings, raised and later dropped, a claim that Plaintiff was inadmissible due to fraud. The doctrine of *res judicata* bars claims which were raised, or could have been raised, in earlier proceedings. *See Ragsdale v.*

*Rubbermaid*, *Inc.*, 196 F.3d 1235, 1238 (11th Cir. 1999).  For *res judicata* to bar a claim, the prior litigation must satisfy four elements: (1) there is a final judgment on the merits; (2) a court of competent jurisdiction rendered the decision; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.  *Id.* at 1238.

The issue before the Court is whether INS's abandoned Fraud Section claim in the exclusion proceeding is the same "cause of action" as Plaintiff's claim that he is entitled to become a citizen in the naturalization proceeding.  To make this determination, the Court looks to the substance of the claim – not its form.  *See Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990).  In the Eleventh Circuit, courts must consider "the facts and legal theories of two causes of action as well as the rights and duties involved in each case." *Draper v. Atlanta Independent School* System, 377 Fed.Appx. 937, 939 (11th Cir. 2010).

The Court finds that the rights and duties for Plaintiff's exclusion proceeding are different from those in his naturalization proceeding.  The primary right in the exclusion proceeding is whether Plaintiff may stay in the United States while the primary right in the naturalization proceeding is whether Plaintiff may become a citizen.  Similarly, the duties and burdens of proof are different for each proceeding.   In the exclusion proceeding, INS had the burden to prove removability by clear and convincing evidence.  *See* 8 C.F.R. § 1240.8(a).  In the naturalization proceeding, Plaintiff had the burden to prove, by a preponderance of the evidence, that he is eligible to become a citizen.  *See Berenyi*, 385 U.S. at 637.  The doctrine of *res judicata* does not apply to causes of action with different burdens of proof.  *See Helvering v. Mitchell*, 303 U.S. 391, 397 (1938) ("The difference in degree of the burden of proof in criminal and civil cases precludes the application of the doctrine of *res judicata*.").   Accordingly, the Court finds that Plaintiff's exclusion proceeding did not involve the same cause of action as his

naturalization proceeding. As a result, *res judicata* does not bar USCIS's determination regarding fraud and its denial of Plaintiff's naturalization application.[1]

IV.  **CONCLUSION**

Accordingly, it is hereby,

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [D.E. 9] is **GRANTED**. This action is **DISMISSED with prejudice** and **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of October, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff asserts in his response to the Motion to Dismiss that he is not relying on the doctrine of collateral estoppel. The Court notes that collateral estoppel does not bar the re-litigation of whether Plaintiff was inadmissible under the Fraud Section because the issue of fraud was not "actually litigated" in the exclusion proceedings. For collateral estoppel to bar the re-litigation of an issue: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding. *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541, 1549 (11th Cir.1986) (internal citations omitted). There is no evidence in the record that the issue of Plaintiff's exclusion based on fraud was actually litigated in the exclusion proceedings.